**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JACOB SMALE, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. § 216(B), | § § § § | |
| *Plaintiff,* | § § | |
| | § | CIVIL ACTION No. 4:14-cv-774 |
| v. | § § | JUDGE RON CLARK |
| AR TRINITY CREDIT SERVICES LLC, et al., | § § § | VSL |
| *Defendants.* | § § | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants AR Trinity Credit Services LLC ("TCS") and Angela Reston ("Reston") (collectively, "Defendants") move to dismiss Plaintiff Jacob Smale's ("Plaintiff") Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 15). The court finds that Plaintiff has alleged sufficient facts to state an individual claim under the FLSA, as well as a collective action under the FLSA, and denies Defendants' Motion to Dismiss.

### I. BACKGROUND

Plaintiff, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b), brings this collective action against his employers TCS and Reston, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff sold TCS's credit repair services over the telephone to TCS's potential clients. Plaintiff alleges that Defendants controlled all aspects of Plaintiff's work, including assigning his schedule and dictating his job

duties. Plaintiff also asserts that he and other employees were paid commissions on a per-sale basis and earned no other compensation during employment. Plaintiff further alleges that he and other employees routinely worked forty hours per week yet, per Defendants' direction, were not paid overtime. Plaintiff contends that Defendants failed to pay him and other employees in accordance with the FLSA's minimum wage requirements. Plaintiff, on behalf of all those similarly situated, seeks unpaid back wages, liquidated damages, costs, attorney fees, and pre-judgment and post-judgment interest.

Defendants now move to dismiss Plaintiff's Second Amended Complaint, arguing that (1) Plaintiff has not pled enough facts to show how he and other similarly situated employees are non-exempt employees under the service-based business exemption; (2) Plaintiff has not pled sufficient facts to state a claim under the FLSA; and (3) Plaintiff's FLSA claim fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrison v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When a court analyzes a Rule 12(b)(6) motion, it "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citations omitted). A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.*

## III.  ANALYSIS

A.     **Defendants' Exemption Defense Argument Is Premature.**

Defendants first argue that Plaintiff's Second Amended Complaint should be dismissed because he fails to plead facts stating why he falls outside of the "retail or service establishment exemption" of 29 U.S.C. § 207(i).  Under this exemption, employers are not liable for an overtime violation of the FLSA if the employee works in a "retail or service establishment" where (1) the regular rate of that employee's pay is "in excess of one and one-half times the minimum hourly rate" under the FLSA and (2) more than half of the employee's compensation "represents commissions on good or services."  29 U.S.C. § 207(i).

Defendants argue that because "Plaintiff has supplied no detail concerning how the commission paid to him or any of these 'similarly situated' individuals compared to the hours actually worked . . . there is no clear claim stated for a violation of the FLSA minimum wage or overtime rules."  Def. Mtn., Dkt. # 15, at p. 4.  Whether a "business is exempt from FLSA coverage as a retail or service establishment . . . is an affirmative defense."  *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981).  It is the defendant's burden to prove that its employees are exempt from FLSA coverage.  *See, e.g.*, *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990).  These exemptions are "construed narrowly against the employer seeking to assert them."  *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Although "a complaint that shows relief to be barred by an affirmative defense, such as the limitations, may be dismissed for failure to state a cause of action," the 12(b)(6) analysis can only include affirmative defenses if they are obvious from the reading of the complaint.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.

1982); *Sanchez v. Smith*, No. 92-1952, 1993 WL 455523, at *2 (5th Cir. Oct. 18, 1993). Whether an FLSA exemption applies is not obvious from the reading of a complaint. It is Defendants' burden to plead and prove that its employees are exempt from the FLSA coverage. Defendants do not offer any facts in their Motion to Dismiss to establish that Plaintiff is an exempt employee under the FLSA. The court denies Defendants' Motion to Dismiss on this ground.

B. **Plaintiff's Second Amended Complaint States a Claim Under the FLSA upon Which Relief Can Be Granted.**

Defendants also argue that Plaintiff has not pled sufficient facts to state a claim under the FLSA because (1) "Plaintiff makes nothing more than a conclusory allegation that Reston employed Plaintiff," (2) "Plaintiff has made no reference to a general policy maintained by Defendants that violates the FLSA," and (3) Plaintiff "fails to name any other 'similarly situated' person."

1. **Employment Relationship**

The FLSA defines "employee" as "any individual employed by an employer" and "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). In determining whether someone is an employer, the Fifth Circuit applies a totality of circumstances test, focusing on the economic reality of the alleged employer-employee relationship. *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973). Whether a person is an employer is essentially a question of fact. *Id.* (quoting *Wirtz v. Lonestar Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968)). Courts in the Fifth Circuit have applied the following factors: (1) the degree of control that the alleged employer exercises over the individual; (2) whether the employment takes place on the premises; (3) whether the employer has the power to hire, fire, or modify employment; (4) whether the employees perform a specialty job on the production line; and (5) whether the

employee may refuse to work for the employer or choose to work for others. *See, e.g.*, *Hodgson*, 471 F.2d at 237-38; *Lang v. Directv, Inc.*, 735 F. Supp. 2d 421, 432 (E.D. La. 2010).

Plaintiff alleges that "Defendants controlled all aspects of Plaintiff's work;" "Defendants assigned Plaintiff's job and his schedule," to which Plaintiff was required to adhere; "Defendants . . . dictated the manner in which Plaintiff performed his job duties" and "how much Plaintiff was to be paid for each sale." Pl. 2nd Am. Compl., Dkt. # 13, at p. 3-4, ¶ 10. With regards to Reston specifically, Plaintiff alleges that "Reston controlled the day-to-day operations of Trinity Credit" and specifically, "had the power to hire and fire Plaintiff and Class Members," "controlled the amount Plaintiff and the other Class Members were to be paid for each credit service sale," and "regularly controlled and established company rules for Plaintiff and the Class Members." Pl. 2nd Am. Compl., Dkt. # 13, at p. 4, ¶ 11. At this early stage of the case, Plaintiff has alleged sufficient facts to state a claim against Reston as his employer. *See Lang*, 735 F. Supp. 2d at 432-434; *see also Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-cv-1831, 2013 WL 5372529, at *3 (S.D. Tex. Sept. 24, 2013) ("The contention that a particular defendant is an employer 'is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof.'") (quoting *Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258, 260 (W.D. Tex. 2007)); *McLauglin v. Intrepid Holdings, Inc.*, No. 4:08-cv-798, 2008 WL 4692386, at *2 (S.D. Tex. Oct. 22, 2008) (finding that it would be premature to dismiss defendants on the basis that they may not fall within the definition of 'employer' under the FLSA, and that additional discovery on the issue of defendants' relationships with one another and with plaintiffs should be conducted). Defendant's Motion to Dismiss on this ground is overruled.

### 2. Policy

Defendants also argue that Plaintiff's claim should be dismissed because Plaintiff "does

not describe any formal policy to deny payment of minimum wage or overtime should a discrepancy be brought to the attention of TCS or Reston." Def. Mtn., Dkt. # 15, at p. 4. Plaintiff need not reference a specific formal policy to survive a 12(b)(6) motion. *See Rodriguez*, 2013 WL 5372529, at *3 ("At this stage of the litigation, the allegations permit the Court to infer that Defendants' compensation scheme for nonexempt employees violated the FLSA. The complaint need not be replete with detailed factual allegations, as long as it puts Defendants on notice that the claim is for unpaid overtime and minimum wages under the FLSA.") (internal citations and quotations omitted); *see also Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) ("The allegations give [the defendant] notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek. The complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims.").

Although Plaintiff's Second Amended Complaint does not include detailed factual allegations describing a formal policy, such details are not required to meet Federal Rule of Civil Procedure 8(a) in this case. Plaintiff alleges that he "and the Class members routinely worked over 40 hours per week" and "were not paid overtime for doing so." Pl. 2nd Am. Compl., Dkt. # 13, at p. 4, ¶ 13. Plaintiff further alleges that "Defendants knew that Plaintiff and the Class members worked in excess of 40 hours per week," "directed them to do so," "were aware of the FLSA's overtime requirements and chose not to pay Plaintiff and the Class Members overtime pay," and "willfully misclassified Plaintiff and the Class Members as exempt," among many other allegations. Pl. 2nd Am. Compl., Dkt. # 13, at p. 4, ¶ 13-14. These facts put Defendants on notice that Plaintiff's claim is one for unpaid overtime under the FLSA and that it is based on

a failure to pay employees time-and-a-half for hours worked in excess of forty per workweek. Defendants' Motion to Dismiss on this ground is overruled.

### 3. Collective Action

Defendants also argue that Plaintiff's collective action claims should be dismissed because Plaintiff did not adequately plead facts to show that they are similarly situated to the potential class members. Plaintiffs "need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion." *Hoffman*, 2009 WL 4825224, at *4. This litigation is at the pleading stage, before the certification stage. Under *Lusardi*, the certification stage consists of (1) the "notice stage," where the court determines, based on the pleadings and any accompanying affidavits, and before the parties have conducted substantive discovery, whether to conditionally certify the class and issue notice to potential class members, followed by the (2) "decertification stage," where after the parties have substantially completed discovery, the defendant files a motion to decertify, requesting the court to conduct a fact-intensive review to determine if the claimants are similarly situated. *Craven v. Excel Staffing Serv., Inc.*, No. H-12-2860, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)).

This case has not yet reached the first, conditional certification stage of the process outlined in *Lusardi*. Plaintiff has not yet moved for certification of the collective action, nor has he proposed any specific form of notice for distribution. Defendants' Motion to Dismiss is premature because Plaintiff has not moved for certification and has had no opportunity to develop a record.[1] Defendants' arguments on this ground are premature. *See, e.g.*, *Hoffman*,

---

[1] Parties are in compliance with this court's Scheduling Order, entered by District Judge Schell. (Dkt. # 12). Pursuant to the Scheduling Order, Plaintiffs are not required to file their Motion for Notice and Condition Certification until thirty days after the Defendants file their

2009 WL 4825224, at *4 ("Whether proceeding collectively is appropriate will be addressed when the Plaintiffs move for conditional certification and issuance of notice to the class."). Defendants' Motion to Dismiss on this ground is overruled.

**C.     Plaintiff Is Not Bringing a Class Action Under Rule 23 of the Federal Rules of Civil Procedure.**

Finally, Defendants argue that Plaintiff's Second Amended Complaint must be dismissed because it "fails to allege the necessary facts to support class certification" under Federal Rule of Civil Procedure 23(a). Def. Mtn., Dkt. # 15, at p. 5. Plaintiff seeks a collective action under the FLSA, not a class action under Rule 23(a). A plaintiff does not have to meet the requirements of Rule 23(a) to bring an FLSA collective action. *See Cantu v. Vitol, Inc.*, No. H-09-0576, 2009 WL 5195918, at *5 (S.D. Tex. Dec. 21, 2009) ("But in an FLSA § 216(b) collective action, the requirements of Rule 23 do not apply and no showing of numerosity, commonality, typicality and adequacy of representation need be made.") (internal citations and quotations omitted). Defendants' Motion to Dismiss on this ground is overruled.

---

Answer. (Dkt. # 12). Defendants have not yet filed their Answer, and the deadline to file an Answer has not passed under the Federal Rules. *See* Fed. R. Civ. P. 12(a)(4).

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. # 15) is DENIED.[2]

So **ORDERED** and **SIGNED** this **2** day of **September, 2015.**

_____
Ron Clark, United States District Judge

---

[2] On December 30, 2014, Defendants moved to dismiss Plaintiff's Complaint.  (Dkt. # 4). On January 20, 2015, Plaintiff filed an Amended Complaint.  (Dkt. # 9).  On January 20, 2015, Plaintiff filed a Second Amended Complaint.  (Dkt. # 13).  "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Plaintiff's Second Amended Complaint does not refer to or adopt or incorporate by reference either of Plaintiff's earlier complaints.
    IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's original complaint (Dkt. # 4) is DENIED AS MOOT.